Barnett Welansky v. Commissioner.
Welansky v. Commissioner
Docket No. 5337.
United States Tax Court
1946 Tax Ct. Memo LEXIS 117; 5 T.C.M. (CCH) 663; T.C.M. (RIA) 46186; July 31, 1946
*117 James T. Haslam, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: By this proceeding petitioner originally challenged the correctness of respondent's determinations as follows: Deficiency
50% Penalty
1935
$1,145.13
$ 572.57
1936
2,626.04
1,313.02
1937
2,658.88
1,329.44
1938
2,858.72
1,429.36
1939
2,891.18
1,445.59
1940
7,032.09
3,516.05
1941
9,451.24
4,725.62
$28,663.28
$14,331.65
Petitioner did not appear when the case was called for hearing. [The Facts] Petitioner is the sole stockholder of the New Cocoanut Grove, Inc., a night club and restaurant of Boston, Massachusetts, in which about five hundred of its patrons lost their lives by fire in 1942. The New Cocoanut Grove, Inc., had no bank account; all the receipts were delivered to petitioner who paid in cash therefrom expenses and bills for supplies. Petitioner kept no books of account. His income tax returns for each of the years in issue were prepared by an accountant who audited the books and prepared the tax returns of the New Cocoanut Grove, Inc. Petitioner's returns were prepared from information given by him to the accountant, *118 with the exception of the item reported as salary from the New Cocoanut Grove, Inc., which amount was verified by the accountant from the New Cocoanut Grove, Inc., books. Petitioner reported gross and net income for the years involved in this proceeding as follows: Gross Income
Net Income
1935
$3,344.55
$3,071.45
1936
5,027.59
4,865.32
1937
6,681.04
6,500.13
1938
7,625.90
7,587.99
1939
7,388.49
7,288.24
1940
6,753.99
6,753.99
1941
8,737.55
8,679.90
The receipts of the New Cocoanut Grove, Inc., were delivered daily to petitioner. From time to time, usually monthly, an entry was made on the New Cocoanut Grove, Inc., books by which the receipts for the period were charged to petitioner after he had deducted therefrom $250 a week. By that procedure petitioner avoided being charged with a substantial portion of the cash he actually received. From notations made on the books of the New Cocoanut Grove, Inc., and explained by the bookkeeper, petitioner received large amounts for which he had avoided the necessity of accounting. Examination of the New Cocoanut Grove, Inc., books shows that petitioner received in that manner the following amounts *119 which were not reported in his income tax returns: 1935
$12,750.51
1936
13,937.85
1937
10,577.41
1938
13,000.00
1939
13,000.00
1940
13,000.00
1941
13,075.00
Respondent did not err by increasing the reported income of petitioner for the respective years by the addition of the abovestated amounts. Payments for supplies bought for, and for expenses of, the New Cocoanut Grove, Inc., were made in cash by petitioner. The amounts of payments, as reported by petitioner to the bookkeeper, were charged to expense and credited to the account of petitioner in which he had been charged with part of the receipts of the New Cocoanut Grove, Inc. Respondent added to the income reported by petitioner the following amounts described as orchestra salaries: 1939
$1,170.00
1940
6,760.00
1941
4,425.00
The books of the New Cocoanut Grove, Inc., contain a weekly entry, beginning early in October, 1939, charging $130 to orchestra salaries in addition to the regular charge for orchestra salaries. The bookkeeper explained that item as being an amount which she placed in an envelope marked for, and given to, petitioner. The book entry records the $130 as *120 the weekly salary of the master of ceremonies in charge of the orchestra, but no such payment was made to him or received by him. Petitioner received credit on the books of the New Cocoanut Grove, Inc., for the amount thus falsely recorded as having been paid. Respondent did not err in increasing the reported income of petitioner for the years 1939, 1940, and 1941 by the respective amounts of $1,170.00, $6,760.00, and $4,425.00. Respondent increased the reported income of petitioner for the years and in the amounts as follows: 1935
$ 750.00
1936
7,016.35
1937
9,245.73
1938
7,082.28
1939
6,252.39
1940
7,737.72
1941
5,984.85
The above-mentioned additions to the reported income of petitioner represent the receipts from operation of the check-room, sales of cigarettes, and sales of photographs; those amounts were received by the petitioner. [Opinion] Respondent did not err by increasing the reported income of petitioner for each of the years 1935 to 1941, inclusive for the amounts received by petitioner from the operation of the check-room, sales of cigarettes, and sales of photographs. Some part of each of the deficiencies was due to fraud with *121 intent to evade tax. Decision will be entered for the respondent.